**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff-Respondent, <br><br> v. <br><br> **MURAT KAPAN,** <br><br> Defendant-Petitioner. | **Case No. 11 C 3665** <br><br> **Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Murat Kapan's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the following reasons, the Motion is dismissed.

### I. BACKGROUND

On October 29, 2009, pursuant to a written Plea Agreement, Murat Kapan (hereinafter, the "Petitioner" or "Kapan") pled guilty to a superseding information charging him with three counts of using a telephone in facilitating and causing the commission of a drug trafficking offense, in violation of 21 U.S.C. § 843(b). Following the Court's acceptance of the Petitioner's guilty plea on May 6, 2010, the Court sentenced Petitioner to a term of 84 months imprisonment.

On May 31, 2011, Petitioner filed the instant Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Section 2255"). In that Motion, Kapan claimed he was entitled to relief because his attorney was ineffective. Specifically, Kapan alleged ineffective assistance of counsel for his attorney's failure to (1) file a notice of appeal; (2) object to the finding that the underlying drug trafficking offense involved crack cocaine and to the Court's imposition of consecutive sentences; and (3) obtain proper credit for good-time behavior while in federal custody.

On July 5, 2011, this Court dismissed Kapan's third argument determining that challenge with respect to good-time credit must be brought under 28 U.S.C. § 2241 and finding that Kapan was required to bring this challenge within the district in which he is confined. [*See* Dkt. 4]. In that July 5 Order, the Court directed the Government to respond to the remainder of Kapan's Motion, and granted Kapan time to file a Reply to the Government's response.

On August 4, 2011, the Government responded to Kapan's Section 2255 petition by filing a Motion to Dismiss. In the Government's Motion, it contends that Kapan's Section 2255 petition should be dismissed pursuant to the Plea Agreement.

Subsequently, Kapan twice moved for an extension of time to file his Reply. The Court granted both of these Motions, and

extended Kapan's time to file a Reply until December 30, 2011. [*See* Dkt. 7 & Dkt. 9]. Despite the Court's extensions, Kapan failed to file a timely Reply and instead did not file until January 13, 2012. Notwithstanding this tardiness, the Court will consider Kapan's Reply brief when determining whether Kapan's Section 2255 Petition should be dismissed.

## II.  **LEGAL STANDARD**

Under Section 2255 a prisoner may petition the court which imposed his sentence to vacate, set aside, or correct the sentence on the basis that the sentence imposed is in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. *See Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). To receive relief under Section 2255, a prisoner must show a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979). Alternatively, if a prisoner can show the trial court made "an omission inconsistent with the rudimentary demands of fair procedure" relief can also be provided. *Hill v. United States,* 368 U.S. 424, 428 (1962).

A defendant can waive his right to challenge a sentence in a plea agreement. The Seventh Circuit strictly enforces such

waivers. *See United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005). Indeed, the Seventh Circuit instructs that when a defendant expressly waives the right to file a Section 2255 motion in a plea agreement, the defendant may then file a Section 2255 motion only if he can demonstrate that the waiver was either unknowing or involuntary, or was the result of ineffective assistance of counsel. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). Since *Mason*, the Seventh Circuit has held that a defendant can also attack a sentence in a Section 2255 motion notwithstanding a waiver, if the defendant alleges that the plea agreement fails on contractual grounds, "such as mutual mistake or breach." *Cantu v. United States*, No. 3:12-CV-181 RM, 2012 U.S. Dist. LEXIS 134663 at *10 (N.D. Ind. Sept. 20, 2012) citing *United States v. Cook*, 406 F.3d 485, 487 (7th Cir. 2005).

### III. **DISCUSSION**

#### A. Preclusive Effect of Plea Agreement Waiver

The Government argues that the Court should dismiss Kapan's Section 2255 Motion because Kapan waived his right to file such a motion in his Plea Agreement. In relevant part, the Plea Agreement states:

> Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28 United States Code Section 1291, and

> Title 18 United States Code 3742, afford a defendant
> the right to appeal his conviction and the sentence
> imposed. Acknowledging this, defendant knowingly
> waives the right to appeal his conviction, any pre-
> trial rulings by the Court, and any part of the
> sentence (or manner in which that sentence was
> determined), including any term of imprisonment and
> fine within the maximums provided by law, and his
> attorney's alleged failure or refusal to file a notice
> of appeal, in any collateral attack or future
> challenge, including but not limited to a motion
> brought under Title 28, United States Code, Section
> 2255 . . . The waiver in this paragraph does not apply
> to a claim of involuntariness, or ineffective
> assistance of counsel, which relates directly to this
> waiver or to its negotiation . . .

Govt.'s Mot. to Dismiss Def.'s Pet. to Vacate, Set Aside, or Correct Sentence at 3; *United States v. Kapan*, No. 08-CR-829-01, [Dkt. 50 at 16].

In his initial Section 2255 motion, Kapan's two remaining arguments allege that he is entitled to relief because his lawyer was ineffective for (1) providing false information that he could not appeal since he pled guilty; and (2) failing to object when Kapan was sentenced under the "crack cocaine guidelines." Petr.'s Mot. Under 28 U.S.C. § 2255 at 6.

The Court finds neither of these claims relates directly to the waiver or plea negotiations, and therefore rejects these arguments. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (stating "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to sec. 2255 survives only with respect to those discrete claims which relate

directly to the negotiation of the waiver."); *see also Mason*, 211 F.3d at 1069 (approving a trial court's dismissal of a defendant's section 2255 motion because the defendant failed to challenge the voluntariness of the plea agreement and failed to challenge the effectiveness of his attorney's representation with respect to negotiating the plea agreement).

## B. Arguments Raised in Kapan's Reply Brief

Notwithstanding the lack of merit in Kapan's initial Section 2255 motion, the Court notes that in Kapan's untimely Reply to the Government's Motion to Dismiss, he raises additional arguments in support of his Section 2255 Motion. Specifically, in his Reply, Kapan argues (1) that he was denied effective assistance of counsel because his lawyer failed to advise him of the advantages and disadvantages in filing an appeal; (2) that the Government breached the plea agreement; (3) that his three count conviction is multiplicitous; and (4) that his guilty plea was not knowing and voluntary. Kapan failed to present any of these arguments in his opening Section 2255 Motion. Because of this, it is within the Court's discretion to deem such arguments waived. *See White v. United States*, 23 Fed.Appx. 570, 571 (7th Cir. 2001) (upholding the proposition that "[a] reply brief . . . is not the proper vehicle to raise new arguments not presented in an opening brief."). While the Court finds that Kapan's tardiness paired with his failure to raise such arguments

in his initial motion are more than sufficient grounds to deem such arguments waived, the Court nonetheless will address briefly the arguments Kapan asserted in his Reply.

### 1. *Advantages and Disadvantages of Appealing*

Kapan argues that he is entitled to relief because when he waived his appeal rights under the Plea Agreement, his attorney failed to advise him of the "advantages and disadvantages of filing an appeal." Petr.'s Traverse Challenging the Govt.'s Resp. to Dismiss His Pet. at 2. As support, Kapan cites *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and *United States v. Peguero*, 526 U.S. 23 (1999). The Court finds Kapan's reliance on both cases misplaced.

First, *Peguero* is inapposite to the instant case because in *Peguero* the Supreme Court addressed the issue of whether a district court, (not an attorney) was required to notify a defendant of his right to appeal, and whether a district court's failure to do so entitled a defendant to habeas relief. *Peguero*, 526 U.S. at 24-28. In determining it did not, the Court found the fact that the defendant had independent knowledge of his right to appeal relevant because the defendant could not establish prejudice. *Id.* at 29.

Here, Kapan alleges he is entitled to relief under Section 2255 because his attorney allegedly failed to discuss with him the

advantages and disadvantages in filing an appeal.  First, the Court notes that this alleged failure is in contradiction of Kapan's prior representations he made under oath at his plea hearing.  At the plea hearing, the Court asked Kapan if he understood the terms of the Plea Agreement and if he consulted with his lawyer about such terms, to which Kapan answered he had.  In light of this representation, the Court does not find that now Kapan's bare assertion to the contrary is sufficient to establish that his lawyer neglected to discuss the advantages and disadvantages of filing an appeal.  Furthermore, the Court finds that even if Kapan could establish that his attorney failed to consult him with respect to this, he cannot establish the requisite prejudice pursuant to the court's holding in *Peguero*.

The Court similarly finds *Roe v. Flores-Ortega* in inapposite to Kapan's argument with respect to his lawyer's alleged failure. In *Roe*, the Supreme Court vacated an appellate court's decision granting a *habeas* petition on the basis of ineffective assistance of counsel.  *Roe*, 528 U.S. at 477-78.  In *Roe*, the Supreme Court rejected the proposition that an attorney must file an appeal unless the defendant specifically instructs otherwise.  *Id*. Instead, the Supreme Court held that when a defendant asserts an ineffective assistance of counsel claim for failure to appeal,

the defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. The Court in *Roe* continued by articulating that whether a defendant can make this showing will often turn to the facts of the particular case. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485. After the Court in *Roe* reviewed the record, it vacated the decision of the appellate court because it was unable to determine whether the defendant's attorney had a duty to consult with the defendant "either because there were potential grounds for appeal or because respondent [defendant] expressed interest in appealing," and if she did in fact owe such a duty, whether the defendant was prejudice by her failure to do so. *Id.* at 487.

This Court not only finds *Roe* entirely distinguishable from the case at bar, but also finds the holding in *Roe* supports the Government's position more than Kapan's. First in *Roe*, there was no appellate waiver in the defendant's plea agreement as there is here. Next, based on the Court's holding in *Roe*, in order for Kapan to make an ineffective assistance of counsel claim based on his attorney's failure to explain the "advantages and

disadvantages of appeal" Kapan would need to establish that he had potential grounds for appeal or had immediately expressed a desire to appeal. *Id.* The Court finds here that Kapan failed to make such assertions adequately.

While Kapan does argue that he was entitled to an appeal because his sentence was not within the maximum provided by law, the Court finds this assertions entirely without merit. The Court reminds Kapan that his sentence was *lower* than the range provided for in the Sentencing Guidelines. *See United States v. Kapan*, No. 08-CR-829, [Dkt. 50, Page ID # 85] (stating that Kapan's anticipated advisory Sentencing Guidelines range [is] of 100 to 125 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.). As previously noted, the Court sentenced Kapan to 84 months imprisonment. As such, the Court does not find that Kapan has asserted a nonfrivolous basis for appeal. Therefore, the Court finds that Kapan cannot now argue, that pursuant to *Roe*, he was denied effective assistance of counsel because his lawyer failed to discuss the advantages and disadvantages of filing an appeal. (As an aside, the Court again points out that additional support of its decision lies in the Court's colloquy with Kapan at the plea hearing where Kapan indicated that he had consulted with his attorney when he signed the plea agreement.)

## *2. Breach of Plea Agreement*

Kapan next argues that he is entitled to relief under Section 2255 because the Government breached the Plea Agreement. Kapan's argument is difficult to discern, but it seems that Kapan's basis for the allegation that Government breached the agreement is the language in the plea agreement itself. Kapan argues that while he pled guilty to three "phone counts," he did not agree to be sentenced for another crime under the "crack cocaine guidelines." Petr.'s Traverse Challenging the Govt.'s Resp. to Dismiss his Pet. to Vacate, Set Aside, or correct Sentence at 3.

The Court rejects this argument and reminds Kapan that pursuant to its sentencing order, the Court sentenced Kapan under 21 U.S.C. § 843(b), not under the "crack cocaine guidelines," as Kapan contends. *See United States v. Kapan*, No. 08-Cr-829-01, [Dkt. 67, Page ID # 120]. Moreover, the Court fails to see how Kapan's allegations somehow allege a breach of the Plea Agreement on the part of the Government.

After reviewing the Plea Agreement, it is clear that Kapan pled guilty to three counts of "intentionally us[ing] a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony of Title 21 United States Code, Section 841(a)(1), namely the distribution of a controlled substance, in violation of Title 21 United States

Code, Section 843(b)." *United States v. Kapan*, No. 08-CR-829-01, [Dkt. 50 at 2-4]. Additionally, the beginning of the Plea Agreement provides the factual basis for Kapan's charges. It reads, "KAPAN told CW that he would sell him crack cocaine, that it was the "top of the line," and that the price would be $750 per ounce." *Id.* at 3. Kapan argues that because he only pled guilty to "phone counts," this did not permit the Government to argue, nor the Court to consider, the underlying felony associated with his use of the telephone. However, in the section of the Plea Agreement entitled "Offense Level Calculations," the Plea Agreement states that "[t]he base offense level is Level 30, pursuant to Guideline § 2D1.1(a)(5), because the amount of cocaine base in form of crack cocaine involved in the underlying offense for which defendant is accountable was at least 50 grams, but not more than 150 grams." *Id.* at 9. This indicates that part of the Court's consideration at sentencing would be the underlying controlled substance felony associated with his charge under 21 U.S.C. § 843(b). As further support, the Plea Agreement also provides that "[e]ach party is free to recommend whatever sentence it deems appropriate." *Id.* at 12.

Finding no breach on the part of the Government, the Court rejects Kapan's argument. *See also United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (holding that "[a] prosecutor's failure to keep one part of the plea agreement usually leads to

a judicial order of specific performance, it does not relieve the defendant of all promises.  Unless a prosecutor's transgression is so serious that it entitles the defendant to cancel the whole plea agreement, a waiver of appeal must be enforced.").

### 3. *Multiplicity*

Kapan next argues that he is entitled to relief because his lawyer failed to inform him that his conviction was unconstitutional because it was multiplicitous.

"Multiplicity is the charging of a single offense in separate counts of an indictment." *United States v. Starks*, 472 F.3d 466, 468-69 (7th Cir. 2006).  The dangers posed by a multiplicitous indictment include the threat of violating the Double Jeopardy Clause of the Fifth Amendment and the potential to expose a defendant to receiving multiple punishments for the same offense.  *Starks*, 472 F.3d at 469; *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002).  The traditional test to determine whether or not an indictment is multiplicitous is to determine "whether each count requires proof of a fact which the other does not.  If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity."  *United States v. Gonzalez*, 933 F.2d 417, 424 (7th Cir. 1991).

"Section 843(b) specifically provides that "each separate use of a communication facility shall be a separate offense under this subsection," thus, Congress clearly intended to authorize separate punishments for each use, even if each use facilitates the same narcotics felony." *United States v. Hunter*, No. 3:05-CR-54(JBA), 2005 U.S. Dist. LEXIS 27838 at *6 (D. Conn. Nov. 10. 2005) citing 21 U.S.C. § 843(b). Moreover, each charge under 21 U.S.C. § 843(b) requires proof of a separate fact, "namely the proof that the defendant placed a different and separately identifiable telephone call. *Id.* citing *Andrews v. United States*, 817 F.2d 1277, 1281 (7th Cir. 1987).

Notwithstanding the fact that Kapan is precluded from raising this argument in light of his Plea Agreement, the Court here finds that each of Kapan's three counts for which he pled guilty required different proof. In the Plea Agreement, exact dates and times with respect to Kapan's three charges are sufficiently outlined and reveal that each of the counts for which Kapan was convicted involve a separate telephone conversation. Therefore, the Court does not find that any of Kapan's convictions to be multiplicitous.

### *4. Knowingly and Voluntarily*

When determining whether a defendant's plea agreement was made knowingly and voluntarily the Court examines the entire

record. *See generally Ramirez v. United States*, No. 11-CV-3113, 2012 WL 588968 (C.D. Ill. Feb. 22, 2012).

After carefully reviewing the record in Kapan's case, the Court concludes that there is no legitimate reason to suspect that his waiver of his collateral attack rights was either involuntary or the result of ineffective assistance of counsel. Here, the waiver of the Plea Agreement could not be more clear: ". . . defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court and any part of the sentence . . . including but not limited to a motion brought under Title 28 United States Code, Section 2255 . . ." Govt.'s Mot. to Dismiss Def.'s Pet. to Vacate, Set Aside, or Correct Sentence at 3. Moreover, there is nothing in the record that indicates that Kapan involuntary entered into the Plea Agreement. To the contrary, the transcript of the plea hearing illustrates that the Court went to great lengths to ensure that Kapan knowingly and voluntarily entered into the Plea Agreement. The Court placed Kapan under oath, determined he was competent to proceed, and asked Kapan specific questions regarding the voluntariness to enter into the Plea Agreement. At the plea hearing, the following colloquy occurred:

>     The Court:     Now, did you sign this plea agreement?
>     The Defendant: Yes, sir.
>
>     The Court:     Is that your signature over your name?
>     The Defendant: Yes, sir.

> The Court: Did you read it before you signed it?
> The Defendant: Yes, sir.
>
> The Court: Did you talk to your lawyer Mr. Beaumont before you signed it?
> The Defendant: Yes, sir.
>
> The Court: And did you understand the terms of it?
> The Defendant: Yes, sir.
>
> The Court: Was it a free and voluntary act?
> The Defendant: Yes.

Thus, in light of the foregoing, the Court concludes that Kapan knowingly and voluntarily entered into the Plea Agreement. As such, the Court finds dismissal of Kapan's Section 2255 Petition is warranted. *See Roberts v. United States,* 429 F.3d 723, 724 (7th Cir.2005) (dismissing a § 2255 appeal on the basis of waiver while noting that the court has "never been reluctant to hold criminal defendants to their promises"); *Bridgeman v. United States,* 229 F.3d 589, 591 (7th Cir. 2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable").

## IV. CONCLUSION

For the reasons stated herein, Kapan's Petition to Vacate, Set Aside, or Correct Sentence is dismissed.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 12/27/2012